**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TMV, LLC d/b/a TRIUNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CHOICE MECHANICAL, INC., | § | |
| CHRISTOPHER VANDERGRIFF, ROBERT | § | |
| KERSH, JERRY LECROY, MIKE LECROY, | § | No. 3:14-cv-1431-M |
| KRIS EVANS, LECROY & ASSOCIATES, | § | |
| INC., PB DEWBERRY, DEWBERRY | § | |
| COMPANIES, LC, DEWBERRY, | § | |
| ARCHITECTS, INC., DEWBERRY | § | |
| CONSULTANTS LLC, DEWBERRY | § | |
| ENGINEERS INC., and PARSONS | § | |
| BRINKERHOFF INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion to Remand [Docket Entry #9]. For the reasons discussed below, the Court does not have subject matter jurisdiction over this suit. Therefore, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to state court. Plaintiff's request for attorney's fees is **DENIED**.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff TMV, LLC, doing business as Triune, is a Texas building contractor. In December of 2010, Plaintiff subcontracted with Defendant Choice Mechanical, Inc., another Texas company. Plaintiff and Choice Mechanical agreed that Choice Mechanical would perform the fire suppression, plumbing, and HVAC work in the renovation of a dormitory in Albany, Georgia.  The contract required Choice Mechanical to submit a performance bond. In its Original

and Second Amended Petitions, Plaintiff alleged that Choice Mechanical, aided by various other parties, submitted a fraudulent performance bond. Plaintiff alleged that after learning the bond was fraudulent, it incurred significant additional expenses to complete the dormitory renovation project.

Plaintiff filed its Original Petition on November 22, 2011, in the 191st Judicial District of Dallas County, Texas, alleging conspiracy, fraud, conversion, and violations of the Texas Theft Liability Act. In addition to Choice Mechanical, Plaintiff named as other Defendants Christopher Vandergriff, a director of Choice Mechanical, and Robert Kersh, President and a director of Choice Mechanical (the "Choice Defendants"). Plaintiff also named as Defendants several individuals who were allegedly involved in the preparation of the fraudulent performance bond: Jerry LeCroy, Mike LeCroy, Kris Evans, and Lecroy & Associates, Inc. (the "LeCroy Defendants."). The Petition contained few details about the LeCroy Defendants' involvement, except to note that Mike LeCroy signed the allegedly fraudulent bond in his capacity as an attorney. All the LeCroy Defendants are alleged to be Alabama citizens or corporations, except for Kris Evans, who Plaintiff alleged "may be a resident of the State of Texas and/or Alabama." Plaintiff did not request service of process on the LeCroy Defendants, and none was made.

Plaintiff and Choice Mechanical submitted their disputes to arbitration pursuant to the written terms of their contract. On October 24, 2013, the arbitrator issued a Modified Final Award. The award concluded the arbitration, but the arbitrator issued a subpoena for Robert Kersh to produce documents and information regarding PB Dewberry, which had not yet been named as a defendant. The Modified Final Award stated that the subpoena was "enforceable by [Plaintiff] at its sole discretion, on its own or by further order of the Court." In addition, the award stated that the Choice Defendants' right to be reimbursed by Plaintiff for costs, losses, or

damages incurred during the construction project would become effective only if, as conditions precedent, Plaintiff won a future lawsuit against PB Dewberry, and Robert Kersh complied with the arbitrator's subpoena (the "Conditions of Reimbursement"). The Modified Final Award also capped the Choice Defendants' potential recovery from Plaintiffs at the lesser of $150,000 or fifty percent of any sums actually paid to Plaintiff in a suit against PB Dewberry, less Plaintiff's reasonable costs incurred in connection with the arbitration and the potential lawsuit.

Plaintiff filed a Motion to Confirm the Arbitration Award, seeking to make the Modified Final Award the "final judgment" of the Court. On December 5, 2013, the state court entered an "Interlocutory Judgment." Although the Judgment stated that it "dispos[ed] of all claims existing by and between" Plaintiff and Choice Mechanical, it also gave Plaintiff the ability to enforce the arbitrator's subpoena of Robert Kersh at Plaintiff's "sole discretion, on its own or by further order of the Court." The Interlocutory Judgment also confirmed the Conditions of Reimbursement.

On March 13, 2014, Plaintiff filed its Second Amended Petition. Plaintiff again alleged conspiracy, fraud, conversion, and violations of the Texas Theft Liability Act against Choice Mechanical and the LeCroy Defendants. The LeCroy Defendants were still not served. Plaintiffs also accused the Choice and LeCroy Defendants of negligence and breach of contract, two claims not asserted in its Original Petition. For the first time, Plaintiffs named and served PB Dewberry, Dewberry Companies, L.C., Dewberry Architects, Inc., Dewberry Consultants, Dewberry Engineers, and Parsons Brinkerhoff, Inc. (collectively, "PB Dewberry" or the "PB Dewberry Defendants"). The PB Dewberry Defendants are incorporated in or reside in Virginia. Plaintiff accused PB Dewberry of negligent misrepresentation and negligence, alleging that PB Dewberry insisted that Plaintiff hire Choice Mechanical for the renovation project and promised

Plaintiff that Choice Mechanical would work according to industry standards.

PB Dewberry removed the case to this Court on April 18, 2014, claiming diversity jurisdiction. On May 9, 2014, Plaintiff moved to remand, alleging lack of diversity. Defendants argue that the Choice Defendants do not defeat diversity jurisdiction because there are no remaining claims against them, and they were thus improperly joined.

## II.     LEGAL STANDARD

A defendant may remove a case to federal court when federal jurisdiction exists and the defendant follows the proper removal procedure. 28 U.S.C. § 1441. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When determining whether removal jurisdiction exists, the claims in the state court petition are considered as they existed at the time of removal. *Id.* Any ambiguities are construed against removal because the removal statute is to be strictly construed in favor of remand. *Id.*

Federal district courts have subject matter jurisdiction over civil matters where the amount in controversy exceeds $75,000, and where the parties are citizens of different states. 28 U.S.C. § 1332. When federal jurisdiction is based on diversity, an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). However, a case may be removed despite the presence of a non-diverse defendant if the removing defendant shows that the non-diverse defendant was improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

To show that a non-diverse defendant was improperly joined[1] for the purpose of

---

[1] This Court prefers the term "improper joinder" to "fraudulent joinder." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 705 (N.D. Tex. 2011) (Lynn, J.). *See also Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 571 n. 1

defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts, or (2) there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the second approach is asserted in this case.

To prove improper joinder based on the plaintiff's inability to state a claim against the non-diverse parties, a defendant must demonstrate that there is no reasonable basis for predicting that the plaintiff might be able to recover against the non-diverse defendant. *Salazar*, 455 F.3d at 573. The Court need only determine that there is a possibility that plaintiff will prevail in order for diversity jurisdiction to be defeated. *Marsh v. Wells Fargo*, 760 F. Supp. 2d 701, 706 (N.D. Tex. 2011) (Lynn, J). Although this possibility "must be reasonable and not merely theoretical," it is required that "all disputed questions of fact and all ambiguities in the controlling state law [be] resolved in favor of the non-removing party." *Great Plains Trust*, 313 F.3d 305, 312 (5th Cir. 2002). "The party seeking removal bears a heavy burden of proving that the joinder of an in-state party was improper." *Marsh*, 760 F. Supp. 2d at 706.

To make such a finding, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Salazar*, 455 F.3d at 573. The court may also conduct a summary judgment-like inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. All factual allegations are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308

---

(5th Cir.2004) (en banc).

(5th Cir. 2005).

## III. ANALYSIS

As the parties who removed this case to federal court, the PB Dewberry Defendants have the "heavy burden" of proving that this court has jurisdiction. *See Marsh*, 760 F. Supp. 2d at 706. Since it is undisputed that the Choice Defendants are Texas residents, Defendants must provide some justification for ignoring their presence in the lawsuit. Defendants argue that the improper joinder doctrine applies such that the Choice Defendants should be disregarded for purposes of the diversity analysis.[2] In addition, PB Dewberry argues that the joinder of the PB Dewberry Defendants in Plaintiff's lawsuit against the Choice and LeCroy Defendants does not meet basic joinder requirements. For the following reasons, the Court finds that Defendants' arguments fail.

The PB Dewberry Defendants argue that the Choice Defendants are improper parties because there is no reasonable possibility that the Plaintiff will be able to establish a cause of action against the Choice Defendants. Specifically, PB Dewberry argues that the state court entered a Judgment against Choice Mechanical that "dispos[ed] of all claims existing by and between" Plaintiff and Choice Mechanical." Plaintiff responds that the title of the Judgment, "Interlocutory Judgment," confirms that it is not final and may be modified by the state court. Plaintiff also argues that it has the right to and plans to "seek further relief under the Interlocutory Judgment" and "conduct additional discovery on the Choice Defendants, as those

---

[2] The Defendants also argue that the Choice Defendants are merely "nominal defendants" whose presence can be disregarded for purposes of the diversity analysis. Similar to the rule for improper joinder, "[t]o establish that the non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cnty. Bd. Of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.*, 633 F.2d 545, 549 (5th Cir. 1981)). The same facts that cause this Court to conclude that the Choice Defendants were not improperly joined cause this Court to find that the Choice Defendants are not nominal. Defendants have not shown that Plaintiff has no possibility of establishing a claim against the Choice Defendants.

parties have been ordered to produce documents and have failed to do so." The mere fact that the Choice Defendants would be subject to post-judgment discovery after a final judgment would not be sufficient to make them parties to be considered on removal. Here, their presence relates to more than mere post-judgment discovery to collect Plaintiff's claims against them.

Resolving all contested issues of fact in Plaintiff's favor, the Court finds that the PB Dewberry Defendants have not met their burden of showing that the Choice Defendants should be disregarded in the diversity calculation. The Court need not determine whether the state court's Interlocutory Judgment is subject to modification or appeal, or otherwise properly characterized as final. The provisions of the Interlocutory Judgment that allow Plaintiff to enforce the subpoena against Robert Kersh, and the Conditions of Reimbursement applicable to Choice Mechanical are enough to cast doubt on the argument of the PB Dewberry Defendants that the Choice Defendants were improperly joined.

The PB Dewberry Defendants, as the removing parties, have the burden of proving that there is no reasonable basis for predicting that the Plaintiffs might be able to recover against the Choice Defendants. The terms of the Interlocutory Judgment cause this Court to conclude that further recovery against the Choice Defendants is possible. As such, the PB Dewberry Defendants have failed to meet their burden.[3]

### IV. ATTORNEY'S FEES

Plaintiff seeks attorney's fees and costs incurred in opposing removal. Federal law

---

[3] The Court need not also consider whether Kris Evans, a LeCroy Defendant, is not diverse. The presence of the Choice Defendants in this litigation is sufficient to require the Court to remand. Defendant also argues that the joinder of the Choice Defendants and the PB Dewberry Defendants violates the basic joinder rules under Texas Rule of Civil Procedure 4(a). The Court rejects this argument. "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Tex. R. Civ. P. 40. The claims arise out of the same construction project, and there are common questions in each claim. The PB Dewberry Defendants may seek severance in state court, but it is inappropriate for this Court to grant such relief in the guise of removal.

provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In the Court's view, the PB Dewberry Defendants had objectively reasonable grounds to believe the removal was legally proper. Therefore, the Court denies Plaintiff's request for attorney's fees. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("[t]he application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.").

## V.  CONCLUSION

For the reasons stated above, the Court finds that it does not have subject matter jurisdiction over this case. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand to state court, but **DENIES** Plaintiff's request for attorney's fees.

**SO ORDERED**.

September 3, 2014.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**